# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

## APPEAL NO. 19-15024

DORA LEE,

Plaintiff - Appellant

v.

POSTMATES INC.,

Defendant-Appellee

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF CALIFORNIA

Case No. 18-cv-03421-JCS
The Honorable Joseph C. Spero

## OPPOSITION TO DEFENDANT'S
## MOTION TO DISMISS APPEAL FOR LACK OF JURISDICTION

Shannon Liss-Riordan
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, Massachusetts 02116
(617) 994-5800

# TABLE OF CONTENTS

INTRODUCTION ...................................................................................................1

BACKGROUND ...................................................................................................4

ARGUMENT .........................................................................................................7

I.     THIS COURT HAS JURISDICTION TO DECIDE PLAINTIFFS' APPEAL ....................................................................................................7

    A.    The Motion To Dismiss May Be Moot Now That The District Court Has Certified An Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b) And This Court May Accept The Appeal On That Basis ...................................................................................................7

    B.    The Court Has Jurisdiction Over This Appeal Under 9 U.S.C. § 16(a)(3) of the Federal Arbitration Act ...............................................8

    C.    The Case Law Cited By Postmates Is Inapposite And Cannot Overcome This Court's Clear Precedent to the Contrary .................11

    D.    Gonzalez Is Highly Distinguishable and Lacks Precedential Value ...........................................................................................15

CONCLUSION ....................................................................................................19

# TABLE OF AUTHORITIES

**Cases**

Brennan v. Opus Bank,
  2013 WL 2445430 (W.D. Wash. June 5, 2013) .....................................................8

Buckley v. Am. Express Co.,
  2012 WL 12894182 (C.D. Cal. Aug. 22, 2012) ..................................................14

Bynum v. Maplebear Inc.,
  698 F. App'x 23 (2d Cir. 2017) .................................................................... 13, 14

Cayenne Med., Inc. v. MedShape, Inc.,
  2015 WL 5363717 (D. Ariz. Sept. 15, 2015) .......................................................9

Coopers & Lybrand v. Livesay,
  437 U.S. 463 (1978) ...........................................................................................12

Gonzalez v. Coverall N. Am., Inc.,
  754 F. App'x 594 (9th Cir. 2019) ................................................................ passim

Green Tree Fin. Corp.-Alabama v. Randolph,
  531 U.S. 79 (2000) ..................................................................................... passim

Interactive Flight Techs., Inc. v. Swissair Swiss Air Transp. Co.,
  249 F.3d 1177 (9th Cir. 2001) ..................................................................... passim

Johnmohammadi v. Bloomingdale's, Inc.,
  755 F.3d 1072 (9th Cir. 2014) ............................................................. 10, 14, 19

Katz v. Cellco P'ship,
  794 F.3d 341 (2d Cir. 2015) ....................................................................... 13, 14

Lee, et al. v. Postmates Inc.,
  Case No. 18-cv-03421-JCS (N.D. Cal.) ...............................................................4

Loewen v. Lyft, Inc.,
  129 F. Supp. 3d 945 (N.D. Cal. 2015) ..................................................................8

Microsoft Corp. v. Baker,
  137 S. Ct. 1702 (2017) .................................................................. 11, 12, 13, 17

Quevedo v. Macy's, Inc.,
   798 F. Supp. 2d 1122 (C.D. Cal. 2011).................................................................14

Tompkins v. 23andMe, Inc.,
   2014 WL 2903752 (N.D. Cal. June 25, 2014) .......................................................8

United States v. Int'l Bus. Machines Corp.,
   517 U.S. 843 (1996) ...............................................................................................13

**Statutes**

28 U.S.C. § 1291 ............................................................................... 12, 16

28 U.S.C. § 1292 ............................................................................... 1, 2, 3, 7

9 U.S.C. § 1 ...........................................................................................1, 2

9 U.S.C. § 16......................................................................................... passim

**Rules**

Fed. R. Civ. P. 23 ............................................................................... 11, 12

Fed. R. Civ. P. 41 .................................................................................11

# INTRODUCTION

In this case, Plaintiffs have appealed from the District Court's Order compelling all of their claims to arbitration <u>and dismissing</u> their suit. <u>See</u> Ex. B to Def's Mot. at 12-14.  In its Order below, the District Court concluded that Plaintiffs do not fall within the Federal Arbitration Act's ("FAA's") transportation worker exemption, 9 U.S.C. § 1 (though it has since noted that this issue is a close one and that the law is unsettled such that its decision would benefit from appellate review). <u>See</u> Ex. 1, attached hereto (April 25, 2019 Order). As explained more fully below, the decision to compel <u>all</u> of Plaintiff Timmerman and Lee's claims to arbitration and to sever and dismiss the claims of a third plaintiff, coupled with the District Court's dismissal of the case, unequivocally establishes jurisdiction over this appeal under 9 U.S.C. § 16(a)(3).

Notwithstanding the clear basis for jurisdiction in this case, Postmates has now filed a Motion to Dismiss this appeal, arguing that there is no jurisdiction here because the Plaintiffs have allegedly "manufactured" jurisdiction by expressing a preference to the District Court for a dismissal rather than a stay and because the Order below is allegedly not "final." <u>See</u> Dkt. 8-1 at 8. According to Postmates, "the *only* route available to Plaintiffs for obtaining immediate review [of the District Court's Order below] is an order certifying [an] interlocutory appeal" under 28 U.S.C. § 1292(b). <u>Id.</u> at 1-2 (emphasis in original). Plaintiffs vehemently

1

disagree that certification pursuant to § 1292(b) is necessary here, but in an abundance of caution and in light of this Court's recent unpublished decision in Gonzalez v. Coverall N. Am., Inc., 754 F. App'x 594 (9th Cir. 2019), Plaintiffs sought certification of an interlocutory appeal from the District Court simply to guard against the very baseless argument that Postmates has made in this Motion.[1] See Ex. D to Def's Mot. In the time since Postmates filed its Motion to Dismiss, that request has now been granted. On April 25, 2019, the District Court, certified its Order compelling arbitration for an interlocutory appeal, agreeing that the question of whether Plaintiffs "fell within an exception [9 U.S.C. § 1] to the Federal Arbitration Act" warranted review on appeal under 28 U.S.C. § 1292(b). See Ex. 1, attached hereto (April 25, 2019 Order) at 4. The District Court found that its Order "implicate[s] controlling questions of law, there is substantial ground for difference of opinion, and an appeal may materially advance the ultimate termination of litigation", noting that "the lack of precedent defining the scope of

---

[1] As explained further below, Gonzalez is both non-precedential and highly distinguishable from the situation in this case. However, Plaintiffs expected Postmates to argue that it controls here (which it now has), and thus, while Plaintiffs firmly believe that the order at issue in this appeal is "final" under 9 U.S.C. § 16(a)(3) and they are entitled to appeal as a matter of right, Plaintiffs nonetheless filed a motion to certify an interlocutory order with the District Court on March 22, 2019, to guard against possible dismissal of this appeal. See Ex. D to Def's Mot. Plaintiffs are chiefly concerned with resolving the important questions presented by the merits of this appeal -- questions that the District Court has now acknowledged would benefit from further review. See Ex. 1, filed herewith (April 25, 2019 Order).

2

the transportation worker exception and the potential for class resolution if the arbitration agreement is invalid justify immediate appeal in this case." Id. at 7.

Thus, it is now unequivocally clear that the District Court's Order compelling arbitration and dismissing the Plaintiffs' claims is ripe for review.[2] Should this Court accept the appeal as a discretionary interlocutory appeal, Postmates' Motion to Dismiss for lack of jurisdiction will be moot, as Postmates itself concedes that this Court would have jurisdiction over such an appeal. See Def's Mot. at 1-2. Thus, for this reason alone, the Motion should be denied.

That said, Plaintiffs firmly maintain that even if the District Court had not certified an interlocutory appeal under § 1292(b) (which it has now done), Postmates' motion to dismiss for lack of jurisdiction should be denied because the District Court's Order is appealable as of right. Under Green Tree Fin. Corp.-Alabama v. Randolph, 531 U.S. 79 (2000) and this Court's decision in Interactive Flight Techs., Inc. v. Swissair Swiss Air Transp. Co., 249 F.3d 1177 (9th Cir. 2001), the District Court had the discretion to stay or dismiss Plaintiffs' claims in favor of arbitration, and it properly exercised that discretion to dismiss Plaintiffs' claims where there was nothing left for the Court to retain jurisdiction over after compelling the entirety of Plaintiffs' suit to arbitration and severing the claims of a

---

[2]     In the coming days, Plaintiffs intend to move this Court to grant their request for an interlocutory appeal under § 1292(b).

third plaintiff. Thus, the District Court's Order is and always has been final and appealable. This Motion is really about Postmates' desire to avoid answering a critical question of law regarding the applicability of the "transportation worker exemption" to its workforce. The Court should deny the Motion based on any and all of the grounds set forth above and should proceed to decide the merits of the appeal.

## BACKGROUND

Plaintiff Dora Lee filed this case on May 8, 2018. Postmates moved to compel arbitration of her claims on July 20, 2018, and meanwhile, Lee moved to amend her Complaint on August 20, 2018. Lee, et al. v. Postmates Inc., Case No. 18-cv-03421-JCS (N.D. Cal.) (hereinafter "District Court") Dkt 15 (Motion to Amend Complaint) at 2. The District Court granted those Motions concurrently, allowing amendment of the Complaint and also compelling Lee's claims to arbitration. See Ex. A to Def's Mot. The District Court exercised its discretion to stay Lee's claims given the ongoing proceedings before the Court. Id.

Plaintiffs subsequently filed their First Amended Complaint, adding two new plaintiffs (Kellyn Timmerman and Josh Albert) as well as new claims. District Court Dkt. 35. Postmates moved to compel arbitration of Timmerman's claims and also moved to dismiss Plaintiff Albert's claims. District Court Dkt. 36. Plaintiffs opposed the Motion, arguing that the Plaintiffs were exempt from the

4

Federal Arbitration Act under the "transportation worker exemption" and that Plaintiffs' claims were all adequately pled. District Court Dkt. 37. In the Joint Case Management Statement submitted by the parties on December 7, 2018, ahead of the Court's December 14, 2018 proceedings, Plaintiffs noted that if the Court was inclined to disagree with their arguments, it had the discretion to dismiss the case in favor of arbitration, which would permit an appeal. District Court Dkt. 42 at 2-3. At the Case Management Conference on December 14, 2018, the District Court explained to Postmates' counsel:

> And this particular [transportation worker] exception is one that would benefit from an appeal. **But I think that it's -- it's not appropriate for me to keep [Plaintiffs] hanging around here in District Court when all of the --everybody's -- all of their claims have been, you know, adjudicated far as they're going to go here, just to prevent an appeal.**
>
> I actually think when you have that kind of case, that's actually not required by the FAA, and is contrary to good case management. I don't want them to just be out there indefinitely. I think they should be allowed to appeal. So I'm going to let them.

See Ex. C to Def's Mot. (Dec. 14, 2019 Hearing Tr.) at 9:22-10:7 (emphasis added).

This time around, on December 17, 2018, the District Court's Order disposed of the whole case; the District Court severed and dismissed the claims of Josh Albert (without prejudice to further amendment), and it dismissed both Lee and Timmerman's claims in favor of arbitration. See Ex. B to Def's Mot. at 1, 17.

5

In doing so, the District Court noted:

> The Court previously granted Postmates' motion to stay Lee's claims pending arbitration. Plaintiffs now ask that **if the Court compels arbitration of Timmerman's claims**, the Court should dismiss Lee and Timmerman's claims to allow them to appeal. The FAA states that if a motion to compel arbitration is granted, the Court "shall on application of one of the parties stay the trial of the action." 9 U.S.C. § 3. **The Ninth Circuit has held, however, "that, notwithstanding the language of § 3, a district court may either stay the action or dismiss it outright when, as here, the court determines that all of the claims raised in the action are subject to arbitration."** *Johnmohammadi v. Bloomingdale's, Inc.*, **755 F.3d 1072, 1073–74 (9th Cir. 2014). The Court in its discretion DISMISSES Lee and Timmerman's claims without prejudice.**

See Ex. B to Mot. at p. 8 (emphasis added).

Plaintiffs promptly filed their Notice of Appeal on January 4, 2019. Several months later, this Court issued a non-precedential and non-binding decision in Gonzalez v. Coverall N. Am., Inc., 754 F. App'x 594 (9th Cir. 2019). There, a panel of this Court found that it lacked jurisdiction over an appeal from an order compelling arbitration where the District Court had stayed the case pending arbitration of threshold arbitrability issues, and the Plaintiff then voluntarily dismissed his claims in order to create a right of appeal. Id. Plaintiffs believe Gonzalez is clearly distinguishable from the instant case, but in an abundance of caution, they sought certification of an interlocutory appeal of the District Court's Order under 28 U.S.C. § 1292(b). See Ex. D to Def's Mot.[3] Just a week ago, the

---

[3]  Postmates' statement that Plaintiffs have "all but conceded that the district court's orders are not final, appealable orders in light of … Gonzalez v. Coverall,"

District Court granted the Motion, noting that "the lack of precedent defining the scope of the transportation worker exception and the potential for class resolution if the arbitration agreement is invalid justify immediate appeal in this case." <u>See</u> Ex. 1 (April 25, 2019 Order), attached hereto.

## ARGUMENT

## I. THIS COURT HAS JURISDICTION TO DECIDE PLAINTIFFS' APPEAL

### A. The Motion To Dismiss May Be Moot Now That The District Court Has Certified An Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b) And This Court May Accept The Appeal On That Basis

In its Motion, Postmates (falsely) claims that "the *only* route available to Plaintiffs for obtaining immediate review is an order certifying [an] interlocutory appeal" under 28 U.S.C. § 1292(b). <u>Id.</u> at 1-2 (emphasis in original). Now, the District Court has issued just such an Order, certifying an interlocutory appeal from its Order compelling arbitration and dismissing Plaintiffs' claims. Thus, <u>by Postmates' own admission</u>, if this Court accepts the District Court's recommendation and takes the discretionary appeal, there will be unambiguous jurisdiction over this appeal. For this reason alone, the Court may be able to deny Postmates' Motion as moot.

---

see Dkt. 8-1 at 6, is completely false. Plaintiffs have conceded no such thing; they have simply attempted to cover their bases.

However, as set forth below, the Motion should also be denied because contrary to Postmates' erroneous contentions, the Order here is appealable as of right under 9 U.S.C. § 16(a)(3).

**B. The Court Has Jurisdiction Over This Appeal Under 9 U.S.C. § 16(a)(3) of the Federal Arbitration Act**

The Federal Arbitration Act governs the appeal of a "final decision with respect to an arbitration" under the Federal Arbitration Act ("FAA). See 9 U.S.C. § 16(a)(3). Applying § 16(a)(3), the Supreme Court has held that where a court grants a motion to compel arbitration and dismisses the action rather than staying it, that order is immediately appealable. Green Tree Fin. Corp.-Alabama v. Randolph, 531 U.S. 79, 87 n.2 (2000). Thus, following Green Tree, this Circuit has consistently interpreted the language of 9 U.S.C. § 16(a)(3) – which permits an appeal from "a final decision with respect to arbitration" – to allow for appeals from orders which dismiss a case in favor of arbitration. See Interactive Flight Techs., Inc. v. Swissair Swiss Air Transp. Co., 249 F.3d 1177, 1179 (9th Cir. 2001).[4] Postmates recognizes this clear line of case law. See Dkt. 8-1 at 14. Yet,

---

[4]     Pursuant to this precedent, numerous courts in this Circuit have exercised their discretion to dismiss cases after compelling arbitration. See, e.g., Brennan v. Opus Bank, 2013 WL 2445430, *8 (W.D. Wash. June 5, 2013), aff'd and remanded, 796 F.3d 1125 (9th Cir. 2015) (exercising jurisdiction over order dismissing claims in favor of arbitration); Tompkins v. 23andMe, Inc., 2014 WL 2903752, *18 (N.D. Cal. June 25, 2014), aff'd, 840 F.3d 1016 (9th Cir. 2016) (same); Loewen v. Lyft, Inc., 129 F. Supp. 3d 945, 966 (N.D. Cal. 2015) (dismissing action after holding that delegation clause was enforceable); Cayenne

Postmates has parsed this Court's holding in <u>Interactive Flight Techs.</u> in a manner that obscures its square application here, and it has done so all whilst ignoring the facts of the case.

In <u>Interactive Flight Techs.</u>, the plaintiff "brought several substantive legal claims against three defendants in district court." <u>Id.</u> at 1178. One of the defendants was dismissed by agreement and the other two "moved to dismiss based in part on arbitration provisions" in the contracts at issue. <u>Id.</u> With the exception of one substantive claim that the District Court dismissed outright, the court compelled the remaining substantive claims to arbitration "constru[ing] the motions [to dismiss] as seeking to compel arbitration." <u>Id.</u> Upon granting the defendant's motion to compel, just as the District Court did here, the <u>Interactive Flight Techs.</u> court "dismissed the action without prejudice." <u>Id.</u> On appeal, this Court ultimately concluded that under 9 U.S.C. § 16(a)(3), a District Court's <u>dismissal of claims without prejudice</u> after compelling arbitration is a final order, subject to immediate appeal as of right. In fact, this Court rejected an argument that is strikingly similar to the crux of Postmates' entire motion:

> In their reply papers supporting the motion to dismiss, appellees also suggest that the district court's dismissal in this case was not final simply because it was made without prejudice. **We reject this argument because the district court's order and judgment sufficiently show that the court intended to close this case without precluding the parties from bringing a new**

---

<u>Med., Inc. v. MedShape, Inc.</u>, 2015 WL 5363717, *4 (D. Ariz. Sept. 15, 2015) (same).

> **action after completing arbitration. It is only in this sense that the dismissal was "without prejudice," and that is not enough to show that the dismissal was interlocutory rather than an appealable final decision**. See Green Tree, 121 S.Ct. at 520 (existence of future remedy of entering judgment on arbitration award does not preclude finality from dismissal in favor of arbitration).

Id. at 1179 (emphasis added).

In other words, when a court acts within its discretion to dismiss a case upon compelling arbitration, that dismissal operates as a "final order" under 9 U.S.C. § 16(a)(3). See also Johnmohammadi v. Bloomingdale's, Inc., 755 F.3d 1072, 1074 (9th Cir. 2014) (When a district court compels arbitration, this Court has held that it "may either stay the action or dismiss it outright when, as here, the court determines that all of the claims raised in the action are subject to arbitration.") (citation omitted).[5] Here, just as in Interactive Flight Techs., the District Court compelled all of Timmerman and Lee's claims to arbitration and severed the claims of a third plaintiff such that the entire case could be closed. As in Interactive Flight Techs., the mere possibility of Plaintiffs bringing a new action

---

[5] Notwithstanding the clear case law discussed above that shows 9 U.S.C. § 16(a)(3) squarely applies here, Postmates insists on examining 9 U.S.C. § 16(b), which states that appeals cannot be taken from an interlocutory order granting a stay of any action pending arbitration. Postmates mischaracterizes the District Court's discretionary dismissal of Timmerman and Lee's claims in favor of arbitration as a circumvention of a stay that would not be appealable under 9 U.S.C. § 16(b). But the District Court did not grant a stay here. It had the discretion to dismiss or stay, and it dismissed. Indeed, it is Postmates that appears to be using this Motion as an attempt to "manufacture" an appeal from the denial of its request for a stay.

after completing arbitration does not render the dismissal any less final or appealable. Thus, as in <u>Interactive Flight Techs.</u>, the Order in question is final and appealable as of right.

### C. The Case Law Cited By Postmates Is Inapposite And Cannot Overcome This Court's Clear Precedent to the Contrary

In effort to obtain a different result than in the on-point decision of this Court in <u>Interactive Flight Techs.</u>, Postmates relies almost exclusively on the Supreme Court's inapposite decision in <u>Microsoft Corp. v. Baker</u>, 137 S. Ct. 1702 (2017). In <u>Baker</u>, the plaintiffs were denied class certification. Rule 23 expressly provides for a process whereby a party may petition the Appeals Court for discretionary interlocutory review of a decision on class certification. <u>See</u> Fed. R. Civ. P. 23(f). In <u>Baker</u>, the plaintiffs sought discretionary review under Rule 23(f) after their class certification motion was denied, but this Court specifically *<u>denied</u>* review. <u>Id.</u> at 1711. In direct contravention of this Court's decision, the plaintiffs then voluntarily dismissed their claims pursuant to Fed. R. Civ. P. 41 in order to file the very same appeal that had already been rejected under Rule 23(f). <u>Id.</u> Under these circumstances, the Supreme Court held that the plaintiffs were seeking to "subvert the balanced solution Rule 23(f) put in place for immediate review of class-action orders" by trying to file an appeal that they had already been expressly

denied permission to file. Id. at 1707.[6]

The facts of Baker are plainly distinguishable from the facts of this case. Rule 23 was amended to provide a specific means for securing interlocutory appellate review of a class certification decision. The Baker plaintiffs sought to utilize this procedure and were rebuffed, after which they then sought to take matters into their own hands by dismissing their claims voluntarily under Rule 41. By contrast, under the FAA, the district court has discretion to stay or dismiss claims in favor of arbitration, and here, it chose to exercise its authority to dismiss rather than stay. Rather than trying to circumvent a Court of Appeal's *discretionary* denial of appellate jurisdiction under Rule 23(f)[7], in this case §16(a)(3) *expressly and independently* confers appellate jurisdiction over "a final decision with respect to an arbitration that is the subject to [the FAA]."[8]

In sum, the flaws in Postmates' argument can be quickly discerned by

---

[6]     Moreover, the Court had previously determined that an order denying class certification is not a "final order" under 28 U.S.C. § 1291 and is "inherently interlocutory." See Baker, 137 S. Ct. at 198, citing Coopers & Lybrand v. Livesay, 437 U.S. 463, 470 (1978).

[7]     "Courts of appeals wield 'unfettered discretion' under Rule 23(f), akin to the discretion afforded circuit courts under § 1292(b)." Baker, 137 S. Ct. at 1709.

[8]     Moreover, unlike in Baker, here, Plaintiffs did **not** voluntarily dismiss their claims; instead, they simply noted that the District Court had discretion to stay or dismiss claims in favor of arbitration, and they urged that the Court should dismiss. The District Court agreed with Plaintiffs that a dismissal was appropriate in light of the fact that the Court was completely compelling all of Timmerman and Lee's claims to arbitration.

simply reading the clear introduction paragraphs in <u>Green Tree Fin. Corp.-Alabama v. Randolph</u>, 531 U.S. 79 (2000) and <u>Microsoft Corp. v. Baker</u>, 137 S. Ct. 1702 (2017). <u>Green Tree</u> is directly on point whereas <u>Baker</u> is not.[9]

Next, Postmates cites to the Second Circuit's unpublished decision in <u>Bynum v. Maplebear Inc.</u>, 698 F. App'x 23, 24 (2d Cir. 2017)[10], where the Court found that the plaintiffs could not "agree[] to dismiss their claims rather than proceed to arbitration" in order to file an appeal. However, Postmates' reliance on <u>Bynum</u> is misplaced because the law of the Second Circuit is materially different on this issue than the binding precedent of this Court, which compels a different result. The law of the Second Circuit on which <u>Bynum</u> relied holds that district courts are *required* to enter a stay when arbitration is compelled, whereas this Court holds that district courts may *either* dismiss or stay cases under these circumstances. <u>See</u> <u>Katz v. Cellco P'ship</u>, 794 F.3d 341, 345 (2d Cir. 2015)

---

[9]    To the extent Postmates is arguing that <u>Baker</u> implicitly overruled <u>Green Tree</u> and this Court's decision in <u>Interactive Flight Techs.</u>, it clearly did not. <u>See</u> <u>United States v. Int'l Bus. Machines Corp.</u>, 517 U.S. 843, 856 (1996) (noting that given the important principle of *stare decisis* the Court has rarely overruled precedents "on grounds not advanced by the parties"). <u>Baker</u> had nothing to do with applying 9 U.S.C. § 16(a)(3).

[10]    The Local Rules of the Second Circuit and this Court both make clear that unpublished decisions are not precedential. Thus, <u>Bynum</u> only applies to the particular facts of that case and does not express the precedential view of the Second Circuit. <u>See</u> Second Cir. L. R. 32.1.1; Ninth Cir. L. R. 36-3(a).

(describing the Circuit split)[11]; see also Quevedo v. Macy's, Inc., 798 F. Supp. 2d 1122, 1143 (C.D. Cal. 2011) ("The FAA authorizes a court to grant a stay pending arbitration, but it does not limit the court's authority to grant a dismissal where the court requires a plaintiff to submit all claims to arbitration.") (internal citations omitted); Buckley v. Am. Express Co., 2012 WL 12894182, at *5 (C.D. Cal. Aug. 22, 2012) ("[T]he Ninth Circuit has stated that dismissal is proper even where the party who moves to compel arbitration only requests a stay pending arbitration."); Johnmohammadi, 755 F.3d at 1074 ("[A] district court may either stay the action or dismiss it outright when, as here, the court determines that all of the claims raised in the action are subject to arbitration…[Here], [t]he district court chose to dismiss Johnmohammadi's action without prejudice, so we have jurisdiction to hear this appeal.").

Thus, the law of this Circuit makes clear that district courts have a choice as to whether to stay or dismiss a case in favor of arbitration, and there is nothing in the FAA or elsewhere that prohibits the District Court from dismissing in favor of arbitration. For this reason, the Second Circuit's decision in Katz, cited by Postmates in its Motion, is likewise inapposite for the same reason as Bynum --

---

[11]     In addition to this Court, the First and Fifth Circuits have held that district courts may dismiss claims in favor of arbitration whereas the Second, Seventh, Third, and Tenth Circuits have held or implied that the district court must stay a case when arbitration is compelled, and the party compelling arbitration has requested a stay. See id.

14

because under Second Circuit law (unlike under the <u>controlling precedent</u> of this Court), the District Court was required to stay the plaintiff's claims pending arbitration rather than dismissing them, whereas here, the District Court had the discretion to dismiss Plaintiffs' claims, and it exercised that discretion soundly.

Finally, Postmates' suggestion that the District Court "did not fully close Lee and Timmerman's case" (Dkt. 8-1 at 15-16) is simply contrary to the Court's express rationale for dismissing upon compelling Plaintiffs' claims. In fact, the District Court appears to be quite familiar with the application of the law here. As the Court expressly recognized "all of [Plaintiffs'] claims have been, you know, adjudicated far as they're going to go here." <u>See</u> Ex. C to Def's Mot. (Dec. 14, 2019 Hearing Tr.) at 9:25-10:2. As such, the Court found it appropriate to dismiss Plaintiffs' claims under the circumstances and in view of relevant law. The mere fact that Plaintiffs filed a motion for interlocutory review, out of an abundance of caution, does not change the finality of the order at issue. Postmates' characterization of the record and understanding of the applicable case law is wrong.

### D. <u>Gonzalez</u> Is Highly Distinguishable and Lacks Precedential Value

Postmates cites <u>Gonzalez v. Coverall N. Am., Inc.</u>, 754 F. App'x 594 (9th Cir. 2019) – an unpublished decision of this Court that lacks any precedential value

under this Court's rules.[12] In <u>Gonzalez</u>, "[t]he district court granted Coverall's motion to compel arbitration and <u>stayed further proceedings pending a ruling by the arbitrator as to whether the parties' dispute was even subject to arbitration</u>. Thereafter, rather than proceeding to arbitration, Gonzalez filed a motion to voluntarily dismiss his claims, which the district court granted without prejudice. Having secured the dismissal of his complaint, Gonzalez pursued an appeal in this court under 28 U.S.C. § 1291." <u>Id</u>. at 595. Apart from being non-binding and cabined to the particular situation in that case, <u>Gonzalez</u> is also completely distinguishable in at least two important ways.

First, <u>Gonzalez</u> is distinguishable from the instant case because in <u>Gonzalez</u>, the District Court stayed proceedings until an arbitrator could rule on threshold arbitrability issues under the delegation clause. The District Court elected to grant a stay because it had not compelled arbitration of the entire substance of the Plaintiff's claims – only the question of arbitrability. Here, by contrast, like in <u>Green Tree</u> and <u>Interactive Flight Techs.</u>, the District Court has compelled <u>all</u> of

---

[12]     The Rules of this Court state:
**(a) Not Precedent.** Unpublished dispositions and orders of this Court are not precedent, except when relevant under the doctrine of law of the case or rules of claim preclusion or issue preclusion.

<u>See</u> CTA9 (Ninth Circuit) Rule 36-3(a). Thus, <u>Gonzalez</u> is a non-binding case, and its application is limited to its specific facts.

Plaintiffs' claims to arbitration.[13] This is a critical distinction under 9 U.S.C. §

16(a)(3).[14] Here, it is clear that when the District Court <u>simultaneously</u> granted

Defendant's motion to compel the entire substance of Plaintiffs' claims and

ordered dismissal, the order constituted "a final decision with respect to an

arbitration" under 9 U.S.C. § 16(a)(3). There is no basis to distinguish this case

from the squarely applicable holding in <u>Interactive Flight Techs</u>.

Second, in <u>Gonzalez</u>, the Plaintiff moved to voluntarily dismiss his own

claims whereas here, the District Court, on its own initiative, chose to dismiss

---

[13]     In other words, in <u>Gonzalez</u>, the District Court had only determined that the delegation clause was enforceable and had compelled arbitration of any threshold questions of arbitrability to the arbitrator such that there was arguably a possibility that, depending on the arbitrator's findings regarding arbitrability, some or all of the claims would return to court. Here, by contrast, the District Court itself decided the question of arbitrability and then compelled <u>the entirety of Plaintiffs' claims</u> to arbitration, not merely the question of arbitrability under a delegation clause. <u>See</u> Ex. B to Def's Mot. at 5–6.

[14]     In fact, in <u>Green Tree</u>, the Supreme Court addressed the type of arguments made by Postmates, explaining that the mere fact that a case may end up back in district court on proceedings separate from Plaintiff's claims does not undermine the clear conclusion that a dismissal is "a final decision with respect to an arbitration." <u>See Green Tree</u>, 531 at 86-87 (explaining that the fact that a case fully compelled to arbitration may end up back in district court after an arbitration award (e.g., on a petition to vacate) "does not vitiate the finality of the District Court's resolution of the claims in the in the instant proceeding."). Moreover, a "final" order does not lose its status as such merely because a district court anticipates a party's appeal. Every time a district court makes a final order there stands the possibility that the case will return to the court on remand. Postmates' view of rules governing finality of orders are nonsensical. Postmates has unpersuasively attempted to stretch the Supreme Court's holding in <u>Baker</u> far beyond its application. <u>Baker</u> is a decision concerning efforts to circumvent the specific appeal requirements of Rule 23(f) where Plaintiffs petitioned this Court for review under Rule 23(f) and voluntarily dismissed their suit upon being denied Rule 23(f) review.

Plaintiffs' claims rather than staying them. Plaintiffs here did <u>not</u> voluntarily dismiss their claims in an attempt to create a dismissal. Postmates insists that the fact that Plaintiffs opposed a stay makes this case like <u>Gonzalez</u>. But this argument illustrates why <u>Gonzalez</u>, an unpublished decision that is in considerable tension with this Court's prior published precedents, should be limited to its unique facts. Applying the decision in <u>Gonzalez</u> to other cases (especially where a district court has compelled arbitration of an entire suit) is unworkable. It would mean that any time a plaintiff opposes a defendant's request for a stay and argues in favor of a dismissal, the Plaintiff has "circumvented" the FAA; but asking that a court exercise its discretion to dismiss rather than stay is a far cry from voluntarily dismissing one's claims as Plaintiff did in <u>Gonzalez</u>.[15] It would undercut a District Court's clear discretion to order a dismissal where it has compelled the entire suit to arbitration. It should make no difference whether or not a Plaintiff opposes a stay if the District Court decides to fully compel arbitration and dismiss.

This Motion is really about Postmates' desire to avoid answering a critical question regarding whether its workers are subject to the FAA's transportation

---

[15] Additionally, had the Supreme Court intended its decision in <u>Green Tree</u> to be limited to only dismissals with prejudice, the Court surely would have said so. <u>See</u> <u>Green Tree</u>, 531 U.S. at 82 ("In this case we first address whether an order compelling arbitration and dismissing a party's underlying claims is a ''final decision with respect to an arbitration' within the meaning of § 16(a)(3) of the Federal Arbitration Act, 9 U.S.C. § 16(a)(3), and thus is immediately appealable pursuant to that Act.").

worker exemption. As this Court has held, and the District Court has recognized in this case, where arbitration is compelled, a court may stay or dismiss. Johnmohammadi, 755 F.3d at 1074. Where a District Court determines that dismissal of a case it has compelled to arbitration is the more appropriate option under the particular circumstances of the case, it is simply settled law that said dismissal is a "final" appealable order pursuant to 9 U.S.C. § 16(a)(3). See Green Tree, supra.

## CONCLUSION

For the foregoing reasons, this Court should deny the Postmates' motion to dismiss appeal for lack of jurisdiction.

Dated: May 2, 2019                     /s/ *Shannon Liss-Riordan*_____
                                       Shannon Liss-Riordan
                                       LICHTEN & LISS-RIORDAN, P.C.
                                       729 Boylston Street, Suite 2000
                                       Boston, MA 02116
                                       617-994-5800
                                       sliss@llrlaw.com

                                       *Attorney for Plaintiff-Appellant*

## **CERTIFICATE OF COMPLIANCE**

I hereby certify that this brief complies with the limitations of Fed. R. App. P. 27 and Ninth Circuit Rule 27-1 because:

(1) Pursuant to Ninth Circuit Rule 27-1(1)(d), this Response to a Motion does not exceed twenty (20) pages or 5,200 words.

(2) This Response to a Motion complies with the typeface requirements of Fed. R. App. P. 27(d) because the brief has been prepared in 14-point Times New Roman, which is a proportionally spaced font that includes serifs.

Dated: May 2, 2019

*/s/ Shannon Liss-Riordan*_____
Shannon Liss-Riordan
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
617-994-5800
sliss@llrlaw.com

*Attorney for Plaintiff-Appellant*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 2, 2019, I caused the foregoing document to be

filed with the Clerk of the United States Court of Appeals for the Ninth Circuit

using the CM/ECF system, which will provide notification of this filing to all

counsel of record.

Dated: May 2, 2019                s/ *Shannon Liss-Riordan*_____
                                    Shannon Liss-Riordan
                                      LICHTEN & LISS-RIORDAN, P.C.
                                      729 Boylston Street, Suite 2000
                                      Boston, MA 02116
                                      617-994-5800
                                      sliss@llrlaw.com

                                      *Attorney for Plaintiff-Appellant*

21

# EXHIBIT 1

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DORA LEE, et al.,

　　　　　　Plaintiffs,

　　　v.

POSTMATES INC.,

　　　　　　Defendant.

Case No. 18-cv-03421-JCS

**ORDER GRANTING MOTION TO CERTIFY INTERLOCUTORY APPEAL**

Re: Dkt. No. 51

## I.　INTRODUCTION

Plaintiffs Dora Lee and Kellyn Timmerman move to certify for interlocutory appeal under 28 U.S.C. § 1292(b) two previous orders compelling them to arbitrate their claims against Defendant Postmates, Inc. The Court finds the matter suitable for resolution without oral argument and VACATES the hearing set for May 3, 2019. For the reasons discussed below, Plaintiffs' motion is GRANTED.[1]

To the extent that further litigation occurs in this Court, Plaintiffs are admonished to comply with all applicable local rules and standing orders requiring chambers copies and proposed orders.

## II.　BACKGROUND

Plaintiffs work or worked as couriers who fulfilled orders placed through Postmates' platform to deliver food and other items from local restaurants and merchants to local customers. There is no indication that Plaintiffs crossed state lines in the course of their work—to the contrary, the record suggests that all of their deliveries occurred within California cities—but there is evidence that at least some of their deliveries included "goods that were manufactured out-of-

---

[1] The parties have consented to the jurisdiction of the undersigned magistrate judge for all purposes pursuant to 28 U.S.C. § 636(c).

United States District Court
Northern District of California

state," including clothing, kitchenware, cigarettes, packaged food, and alcoholic beverages. Timmerman Decl. (dkt. 37-3) ¶¶ 7–11.

Plaintiff Dora Lee initiated this case in state court as a purported class action, asserting wage-and-hour claims under California law and seeking to represent a class of Postmates couriers. Evangelis Removal Decl. (dkt. 1-1) Ex. B (Compl.). Postmates removed to this Court based on the Class Action Fairness Act and moved to compel individual arbitration of Lee's claims pursuant to the Federal Arbitration Act ("FAA"). *See* Notice of Removal (dkt. 1); 1st Mot. to Compel (dkt. 14). On October 15, 2018, the Court granted that motion, holding that Postmates had shown a valid agreement to arbitrate under the FAA and Lee did not fall within the so-called "transportation worker exception" of 9 U.S.C. § 1 because she was not engaged in *interstate* transportation, but allowed an amended complaint naming Kellyn Timmerman and Joshua Albert as additional plaintiffs. Order re 1st Mot. to Compel Arbitration (dkt. 31).[2] On December 17, 2018, the Court granted Postmates' motion to compel arbitration of Timmerman's claims as well—holding once again that the agreement was valid and that Timmerman did not fall within the transportation worker exception to the FAA—and severed the claims of Albert, who had opted out of the arbitration clause within the time allowed to do so after he initially entered a contract with Postmates. Order re 2d Mot. to Compel Arbitration (dkt. 47).[3] The Court dismissed Lee and Timmerman's claims at their request, and Plaintiffs appealed to the Ninth Circuit. *Id.*; *see* Notice of Appeal, *Lee v. Postmates*, No. 19-15024 (9th Cir. Jan. 4, 2019).

Following entry of judgment, the Ninth Circuit held in a memorandum disposition that a voluntary dismissal without prejudice following an order compelling arbitration is not a final order appealable by right, and that a party seeking review of an order compelling arbitration before the arbitration has occurred is "obliged to obtain the district court's permission for an interlocutory appeal under 28 U.S.C. § 1292(b)." *Gonzalez v. Coverall N. Am., Inc.*, 754 F. App'x 594, 596 (9th Cir. 2019). Plaintiffs now seek permission to appeal under that statute, arguing that whether

---

[2] *Lee v. Postmates Inc.*, No. 18-cv-03421-JCS, 2018 WL 4961802 (N.D. Cal. Oct. 15, 2018).
[3] *Lee v. Postmates Inc.*, No. 18-cv-03421-JCS, 2018 WL 6605659 (N.D. Cal. Dec. 17, 2018). Albert's claims are proceeding as *Albert v. Postmates Inc.*, No. 18-cv-07592-JCS (N.D. Cal.).

*United States District Court*
*Northern District of California*

their claims are subject to arbitration is a controlling question of law, that there is substantial

ground for differences of opinion regarding the scope of the transportation worker exception and

whether the arbitration clause at issue was sufficiently conspicuous, and that an immediate appeal

would materially advance the ultimate termination of litigation. *See generally* Mot. (dkt. 51);

Reply (dkt. 55). Postmates argues that proceeding to arbitration would be more efficient than

allowing an appeal, there is no guarantee that Plaintiffs can avoid arbitration even if the Court

erred in its previous orders, and that there is no substantial ground for a difference of opinion as to

the issues that Plaintiffs identify. *See generally* Opp'n (dkt. 54).

### III.    ANALYSIS

#### A.    Legal Standard

The Federal Arbitration Act allows a party to appeal the *denial* of a motion to compel

arbitration, but does not generally permit a party to appeal an order *granting* such a motion.

9 U.S.C. § 16. The FAA recognizes, however, that an order compelling arbitration may in

appropriate circumstances be appealed "as otherwise provided in section 1292(b) of title 28,"

which governs appeals of interlocutory orders generally. 9 U.S.C. § 16(b). The Ninth Circuit has

declined to "render meaningless the acknowledgment in 9 U.S.C. § 16(b) that an interlocutory

order pursuant to the Federal Arbitration Act may in some circumstances satisfy the requirements

of 28 U.S.C. § 1292(b)." *Kuehner v. Dickinson & Co.*, 84 F.3d 316, 319 (9th Cir. 1996).

Under § 1292(b), a federal district court may certify a non-dispositive order for

interlocutory review where: (1) "the order involves a controlling question of law"; (2) "as to which

there is substantial ground for difference of opinion;" and (3) "an immediate appeal from the order

may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). By its

terms, § 1292(b) requires the district court to expressly find in writing that all three § 1292(b)

requirements are met. *Id.* "Courts traditionally will find that a substantial ground for difference of

opinion exists where 'the circuits are in dispute on the question and the court of appeals of the

circuit has not spoken on the point, if complicated questions arise under foreign law, or if novel

and difficult questions of first impression are presented.'" *Couch v. Telescope Inc.*, 611 F.3d 629,

633 (9th Cir. 2010) (citation omitted).

United States District Court
Northern District of California

"Section 1292(b) is a departure from the normal rule that only final judgments are appealable, and therefore must be construed narrowly." *James v. Price Stern Sloan, Inc.*, 283 F.3d 1064, 1067 n.6 (9th Cir. 2002). In seeking interlocutory appeal, a movant must show that "exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978).

**B.    The Court's Previous Orders Warrant Certification for Appeal**

This Court previously granted Postmates' motions to compel arbitration of Plaintiffs' claims, rejecting Plaintiffs' arguments that they fell within an exception to the Federal Arbitration Act for "contracts of employment of seamen, railroad employees, or any other class of workers engaged in foreign or interstate commerce." *See* 9 U.S.C. § 1. The Supreme Court has interpreted that exception as governing "only contracts of employment of transportation workers," *Circuit City Stores, Inc. v. Adams*, 532 U.S. 105, 119 (2001), but has not elaborated on the degree to which such workers must be engaged "in foreign or interstate commerce," 9 U.S.C. § 1, as opposed to transportation on a merely local scale.

**1. Controlling Question of Law**

"[A]n order may involve a controlling question of law if it could cause the needless expense and delay of litigating an entire case in a forum that has no power to decide the matter," including arbitration. *Kuehner*, 84 F.3d at 319. The effect of the previous orders in this case is particularly significant because enforcement of Postmates' arbitration agreement bars Plaintiffs from proceeding with the class action that they sought in their complaints, an outcome for which courts have broad authority to certify interlocutory appeals when it arises more directly from the denial of a motion for class certification. *See* Fed. R. Civ. P. 23(f); *Chamberlain v. Ford Motor Co.*, 402 F.3d 952, 957 (9th Cir. 2005) (acknowledging that the "drafters [of Rule 23] intended the court of appeals to enjoy 'unfettered discretion' to grant or deny permission to appeal [class certification orders] based on 'any consideration that the court of appeals finds persuasive'" (quoting the Advisory Committee Notes)). If Plaintiffs were required to proceed without an appeal and prevailed in their individual arbitrations, whatever rights absent class members might

United States District Court
Northern District of California

have to a judicial resolution of their claims—if this Court's interpretation of the FAA is incorrect—might never be vindicated.

## 2. Ground for Difference of Opinion

There is substantial ground for difference of opinion as to whether Postmates couriers fall within the transportation worker exception.  Neither the Supreme Court nor the Ninth Circuit has squarely addressed the scope of that exception as applied to intrastate delivery workers, and decisions from other circuits and district courts considering the exception have set forth a variety of different rules and factors for resolving such issues.  Although this Court declined to do so and is aware of no other decision having done so, one might interpret the Supreme Court's *Circuit City* opinion as extending the exemption to *all* transportation workers, regardless of their relationship to *interstate* transportation, or requiring only a minimal connection to interstate (as opposed to local) transportation similar to the broad definition of "Commerce . . . among the several States" that the Supreme Court has adopted with respect to Congress's power under Article I of the Constitution.  Another court might, for example, accept Plaintiffs' argument that the fact that some of the items that Postmates couriers delivered originated out of state (before being sold by in-state retailers from whom the couriers delivered them to local customers) is a sufficient connection to interstate commerce.  *See, e.g.*, *Nieto v. Fresno Beverage Co., Inc.*, 33 Cal. App. 5th 274, 245 Cal. Rptr. 3d 69, 76–77 (2019) (holding that a truck driver employed by a California-based distribution company to deliver beverages exclusively within California fell within the transportation worker exception because the distributor obtained some of those beverages from outside California).[4]

Plaintiffs' arguments are less persuasive when it comes to the Court's holding that Postmates' arbitration clause was sufficiently conspicuous to constitute a valid agreement, but

---

[4] The *Nieto* court briefly distinguished one of the orders at issue here—which was brought to that court's attention after briefing had concluded—on the basis that this case "involve[s] purely local deliveries of goods from local restaurants or merchants to local customers."  *Nieto*, 245 Cal. Rptr. 3d at 77 n.3.  Nevertheless, it is not a large leap from the facts of *Nieto* (intrastate delivery of beverages produced out of state, held in a warehouse by a distributor, and sold to local customers) to the facts at issue in the present case (intrastate delivery of, among other things, beverages produced out of state, stocked on the shelves of a retailer, and sold to local customers).  A court following the reasoning of *Nieto* might conclude that the facts of this case fall within the exception.

Case 3:18-cv-03421-JCS Document 56 Filed 04/25/19 Page 6 of 7

§ 1292(b) speaks to appeals from "orders," not specific "issues" or "holdings." The Court's holding regarding the transportation worker exception presents sufficient ground for disagreement to certify appeal of the previous orders in their entirety. The specific arguments to be addressed on any appeal are left to the discretion of the parties and the Ninth Circuit.

### 3. Advancement of Termination of Litigation

Finally, "an immediate appeal from the order[s] may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Postmates argues that an appeal will take more time and effort than arbitration of Plaintiffs Lee and Timmerman's claims. That may be true, but an appeal before arbitration will still conclude more quickly than requiring arbitration to run its course before the appeal begins, and the Ninth Circuit has recognized the value of interlocutory appeals to avoid "the needless expense and delay of litigating an entire case in a forum that has no power to decide the matter." *Kuehner*, 84 F.3d at 319. If a higher court determined that the transportation worker exception encompasses Plaintiffs' claims and the FAA therefore does not apply to them, Plaintiffs likely would not be required to arbitrate under California law. *See* Cal. Lab. Code § 229 ("Actions to enforce the provisions of this article for the collection of due and unpaid wages claimed by an individual may be maintained without regard to the existence of any private agreement to arbitrate.").

Perhaps more significantly, if a higher court determines that this Court's analysis of the FAA was incorrect and that Postmates couriers fall within the transportation worker exception, resolving all such potential plaintiffs' claims through a class action could be far more efficient than piecemeal litigation and arbitration of individual claims. *Cf.* Mot. to Compel Arbitration, *Abadilla v. Uber Techs.*, No. 18-cv-7343-EMC, ECF Doc. No. 3 (N.D. Cal. Dec. 5, 2018) (asserting that more than twelve thousand individual arbitration demands have been filed against Uber after the Ninth Circuit determined that Uber drivers were required to arbitrate, and that little progress has been made in arbitrating those claims). Conversely, if Postmates prevails on appeal, clearer precedent regarding the scope of the transportation worker exception could reduce or eliminate further litigation of at least that issue if other couriers seek to pursue their own claims against Postmates. Viewing the scope of "the litigation" as all claims of the purported class

asserted in Plaintiffs' complaints, the potential for an interlocutory appeal to "materially advance [its] ultimate termination" greatly outweighs the risk of delay in resolving these two Plaintiffs' claims—a risk that would be realized only if Plaintiffs fully prevailed in arbitration, as the same appeal would likely follow the conclusion of arbitration if they did not.

## IV.   CONCLUSION

For the reasons discussed above, the Court hereby certifies its previous orders dated October 15, 2018 and December 17, 2018 as suitable for interlocutory appeal under 28 U.S.C. § 1292(b) because they implicate controlling questions of law, there is substantial ground for difference of opinion, and an appeal may materially advance the ultimate termination of litigation. Although the Court recognizes that other courts have declined to certify similar orders for appeal, the lack of precedent defining the scope of the transportation worker exception and the potential for class resolution if the arbitration agreement is invalid justify immediate appeal in this case.

**IT IS SO ORDERED.**

Dated: April 25, 2019

_____
JOSEPH C. SPERO
Chief Magistrate Judge